25 P.3d 481 (2001)
107 Wash.App. 79
Shannon V. CHEEK, Appellant,
v.
EMPLOYMENT SECURITY DEPARTMENT OF The STATE OF WASHINGTON, Respondent.
No. 19602-0-III.
Court of Appeals of Washington, Division 3, Panel Five.
June 21, 2001.
Lawrence A. Weiser, Alan L. McNeil, University Legal Assistance, Spokane, for appellant.
Laura J. Watson, Asst. Atty. Gen., Olympia, for respondent.
SCHULTHEIS, J.
Shannon Cheek applied for unemployment benefits with the Employment Security Department for the State of Washington after she quit her job in order to avoid a domestic violence situation. The benefits were denied and the denial was affirmed by the Office of Administrative Hearings as well as the Department Commissioner. Ms. Cheek filed a petition for review of the Commissioner's decision in the Spokane County Superior Court but it was dismissed for lack of jurisdiction. Ms. Cheek appeals the dismissal and requests attorney fees and costs. Because *482 the trial court properly dismissed the case for lack of jurisdiction, we affirm; Ms. Cheek's request for attorney fees is denied.

FACTS
Ms. Cheek worked as a respite worker for Community Mental Health Services (CMHS) in Oak Harbor, Washington, from April 5, 1999 until August 16, 1999. She was qualified for the work and enjoyed it. Her employer was complimentary regarding Ms. Cheek's job performance. In July 1999 Ms. Cheek was granted a leave of absence from CMHS due to an ongoing domestic violence situation with her ex-boyfriend. After about one month Ms. Cheek determined that it was no longer safe for her to live and work in Oak Harbor. As a result, she quit her job at CMHS and filed a claim for unemployment benefits with the Department, but the claim was denied on November 5. She filed a timely appeal of the denial and a full hearing on the matter was held in Spokane, Washington, on December 28, before an administrative law judge (ALJ) at the Office of Administrative Hearings.
In a written decision mailed on December 30, 1999, the ALJ affirmed the denial of benefits because it determined Ms. Cheek's decision to leave CMHS was due to the domestic violence situation, which was personal to her. The unemployment statute directs that benefits may be paid only if an applicant's voluntary termination from employment is for good cause, which must be work related. RCW 50.20.050. Although the ALJ found that Ms. Cheek had personally compelling reasons to leave the Oak Harbor area, the reasons did not constitute good cause under the statute.
Ms. Cheek appealed the ALJ's decision. The Department Commissioner affirmed the decision on March 3, 2000. Ms. Cheek filed a petition for review in the Spokane County Superior Court on April 3. A copy of the petition was hand delivered to the Attorney General's Office located in Spokane. However, the Department did not receive the petition until April 7, which was four days late pursuant to RCW 34.05.542 (sets forth the statutory requirements of service under the Administrative Procedure Act (APA)). For this reason, the Department filed a motion to dismiss the petition. Ms. Cheek argues that service on the Office of the Attorney General constitutes service on the Department since the Attorney General is the attorney of record for the Employment Security Department. RCW 43.10.040. The trial court disagreed with Ms. Cheek's contention and granted the Department's motion to dismiss, finding the Department had not been timely served with the petition for review as required by RCW 34.05.542. This timely notice of appeal resulted.

ANALYSIS
Ms. Cheek contends the trial court erred when it dismissed her appeal of the Commissioner's decision affirming denial of employment benefits based on a lack of jurisdiction. She asks this court to determine that the Commissioner's decision was incorrect and reverse the court's dismissal of her appeal. However, before we consider the merits of her claim we must determine whether Ms. Cheek timely served the Department with her petition for review of the Commissioner's decision.
Ms. Cheek argues that the Office of the Attorney General is per se the attorney of record for the Department pursuant to RCW 43.10.040. As a result, she claims that timely service on the Office of the Attorney General constitutes timely service on the Department pursuant to RCW 34.05.542(6).[1] She also argues that the Department should be estopped from raising the issue of subject matter jurisdiction because it was the Department's letter, which accompanied the Commissioner's decision, that led her to serve the petition for review on the Attorney General's Office in the first place. Her arguments are without merit.
An appeal from an administrative tribunal invokes the appellate, rather than the general, jurisdiction of the superior *483 court. Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County, 135 Wash.2d 542, 555, 958 P.2d 962 (1998). Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and a party seeking to properly invoke its jurisdiction must meet all statutory procedural requirements. Id. The trial court does not acquire subject matter jurisdiction over an appeal from an agency decision unless the appealing party files the petition for review in superior court and serves the petition on all parties. City of Seattle v. Pub. Employment Relations Comm'n, 116 Wash.2d 923, 926, 809 P.2d 1377 (1991).
Review of an agency decision under the APA requires that a petition for judicial review of an agency order must be filed with the court and served on the agency that issued the decision, here the Employment Security Department. RCW 34.05.542(2). The statute also requires that the petition be served on "the office of the attorney general, and all parties of record within thirty days after service of the final order." Id. Furthermore, RCW 34.05.542(4) explains that: "Service of the petition on the agency shall be by delivery of a copy of the petition to the office of the director, or other chief administrative officer or chairperson of the agency, at the principal office of the agency." The statute is straightforward. Ms. Cheek was required to serve her petition for review on the Department and the attorney general and all parties of record.
However, in 1998 the Legislature added the aforementioned subsection (6) to RCW 34.05.542, which according to Ms. Cheek, supports her arguments on appeal. She is incorrect.
The APA does not define the term "attorney of record," which is an apparent oversight that should be addressed by the Legislature. Accordingly, we look to the ordinary dictionary meaning of the phrase. See W. Telepage, Inc. v. City of Tacoma Dep't of Fin., 140 Wash.2d 599, 609, 998 P.2d 884 (2000). Black's Law Dictionary defines attorney of record as:
Attorney whose name must appear somewhere in permanent records or files of case, or on the pleadings or some instrument filed in the case, or on appearance docket. Person whom the client has named as his agent upon whom service or papers may be made.
An attorney who has filed a notice of appearance ... and who hence is formally mentioned in court records as the official attorney of the party.
BLACKS' LAW DICTIONARY 129 (6th ed.1990) (citation omitted).
Applying the facts of this case to the ordinary dictionary meaning of the words in subsection (6), we find that Ms. Cheek did not timely serve the Department with her petition for judicial review pursuant to RCW 34.05.542. The Department did not file a formal notice of appearance through the Office of the Attorney General until April 26, 2000.[2] The affidavit of personal service of Ms. Cheek's petition for review at the Office of the Attorney General in Spokane, Washington, states that service occurred on Saturday, April 1.[3] If, as Ms. Cheek argues, personal service of the petition for review was meant to include service on the agency pursuant to RCW 34.05.542(6), service was not properly achieved. The Attorney General was not yet the attorney of record on April 1. As such, Ms. Cheek's argument that the Department was timely served through the Attorney General's Office is inaccurate. The petition for review needed to be served on the Department within 30 days of March 3, 2000. Substantial compliance with the service requirements of the APA does not invoke the appellate, or subject matter, jurisdiction of the superior court. Skagit Surveyors, 135 Wash.2d at 556, 958 P.2d 962. Because the Attorney General's Office was not yet authorized to accept service for the Department on April 1, 2000 and because the Department did not receive Ms. Cheek's petition for review in its office until April 7, the service requirements of RCW 34.05.542(2) and (4) were not met. Ms. Cheek's arguments that *484 RCW 43.10.040 and equitable estoppel should bar dismissal of her case are without merit.
Because the superior court lacked subject matter jurisdiction it was powerless to determine the merits of Ms. Cheek's case. Accordingly, the trial court decision is affirmed and Ms. Cheek's request for attorney fees is denied.
KURTZ, C.J., and BROWN, J., concur.
NOTES
[1] RCW 34.05.542(6) states:

"For purposes of this section, service upon the attorney of record of any agency ... constitutes service upon the agency...."
[2] Clerk's Papers (CP) at 2.
[3] CP at 35, 47.