[No. 48347-1-I. Division One. April 8, 2002.]

KARIS R. RICKETTS, *Appellant*, v. THE BOARD OF ACCOUNTANCY, *Respondent*.

---

*George W. Akers, Jr.* (of *Montgomery, Purdue, Blankinship & Austin, P.L.L.C.*), for appellant.

*Christine O. Gregoire, Attorney General,* and *Diane L. McDaniel, Assistant,* for respondent.

APPELWICK, J. — On the thirtieth and final day to seek judicial review of a Washington State Board of Accountancy disciplinary ruling, Karis Ricketts filed a petition for review in superior court. That same day, she also deposited in the mail copies of the petition to the Board and its attorney of record. The superior court dismissed Ricketts' petition for lack of subject matter jurisdiction. Because service was perfected as required by the Administrative Procedures Act, we reverse and remand for further proceedings.

## FACTS

On July 27, 2000, the Washington State Board of Accountancy served a final order imposing sanctions on Certified Public Accountant Karis Ricketts. Thirty days later, Ricketts filed a petition for review of that order in King County Superior Court.

That same day, she also deposited in the mail three copies of the petition. The first copy was addressed to one of the Board's attorneys of record, Assistant Attorney General Diane L. McDaniel, at the Office of the Attorney General. The second copy was addressed generally to the Office of the Attorney General. And the third copy was addressed to the Board.

The Board filed a CR 12(b)(1) motion to dismiss Ricketts' appeal for lack of subject matter jurisdiction. It maintained that service was not perfected because it did not receive a copy of the petition within 30 days. The superior court granted that motion. Ricketts appeals.

## ANALYSIS

Ricketts contends that she perfected service by depositing copies of her petition in the mail on the thirtieth day.

■ CR 12(b)(1) sets forth a defense for "lack of jurisdiction over the subject matter." "Without subject matter jurisdiction, a court or administrative tribunal may do nothing other than enter an order of dismissal." *Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 98 Wn. App. 121, 123-24, 989 P.2d 102 (1999). This court reviews de novo an order of dismissal under CR 12(b)(1). *In re Estate of Peterson*, 102 Wn. App. 456, 462, 9 P.3d 845 (2000), *review denied*, 142 Wn.2d 1021 (2001).

■ This court also reviews "de novo the meaning of a statute, with the primary purpose of giving effect to legislative intent." *Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie, Fraternal Order of Eagles*, 108 Wn. App. 208, 214, 27 P.3d 1254 (2001). "Absent ambiguity, a statute's meaning must be derived from the wording of the statute itself without judicial construction or interpretation." *Fray v. Spokane County*, 134 Wn.2d 637, 649, 952 P.2d 601 (1998). Indeed, when statutory language is clear and unequivocal, courts must assume "the Legislature meant exactly what it said and apply the statute as written." *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997).

The Administrative Procedures Act (APA), chapter 34.05 RCW, establishes the exclusive means of judicial review of the Board's action in this case. RCW 34.05.010-.510. The relevant sections of the APA are set forth below.

PART I
GENERAL PROVISIONS

**34.05.010 Definitions**

The definitions set forth in this section shall apply throughout this chapter, unless the context clearly requires otherwise.

. . . .

(19) "Service," except as otherwise provided in this chapter, means posting in the United States mail, properly addressed, postage prepaid, or personal service. Service by mail is complete upon deposit in the United States mail. Agencies may, by rule, authorize service by electronic telefacsimile transmission, where copies are mailed simultaneously, or by commercial parcel delivery company.

. . . .

PART V
JUDICIAL REVIEW AND CIVIL ENFORCEMENT

. . . .

**34.05.542 Time for filing petition for review**

Subject to other requirements of this chapter or of another statute:

(1) A petition for judicial review of a rule may be filed at any time, except as limited by RCW 34.05.375.

(2) A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.

(3) A petition for judicial review of agency action other than the adoption of a rule or the entry of an order is not timely unless filed with the court and served on the agency, the office of the attorney general, and all other parties of record within thirty days after the agency action, but the time is extended during any period that the petitioner did not know and was under no duty to discover or could not reasonably have discovered that the agency had taken the action or that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this chapter.

(4) Service of the petition on the agency shall be by delivery of a copy of the petition to the office of the director, or other chief administrative officer or chairperson of the agency, at the principal office of the agency. Service of a copy by mail upon the other parties of record and the office of the attorney general shall be deemed complete upon deposit in the United States mail, as evidenced by the postmark.

(5) Failure to timely serve a petition on the office of the attorney general is not grounds for dismissal of the petition.

(6) For purposes of this section, service upon the attorney of record of any agency or party of record constitutes service upon the agency or party of record.

The language describing the required service under the APA is not ambiguous. The general rule is that service under the APA may be made *either* by mail *or* by other methods. RCW 34.05.010(19). If service is by mail, then it is complete upon deposit in the mail. RCW 34.05.010(19).

■ RCW 34.05.542(4) contains an exception to that general rule. "Service of the petition on the agency shall be by delivery . . . to the office of the director, or other chief administrative officer or chairperson of the agency, at the principal office of the agency." RCW 34.05.542(4). RCW 34.05.542(6), however, allows "the attorney of record of any agency" to be served in place of the agency. But RCW 34.05.542(6) is silent regarding the method of service required. It does not contain the exception to the general rule on service that is found in RCW 34.05.542(4). The general rule therefore must apply. Service on the attorney of record may be made *either* by mail *or* by other methods. RCW 34.05.010(19).

On the thirtieth day after service of the Board's final order, Ricketts deposited a copy of the petition in the mail to the Board's attorney of record. On that day, service on the Board was perfected under the APA. As a result, the superior court had subject matter jurisdiction over Ricketts' petition for review.

Reversed and remanded for further proceedings.

BAKER and SCHINDLER, JJ., concur.