[No. 74768-7.   En Banc.]
Argued September 30, 2004.     Decided December 16, 2004.

JOHN E. DIEHL, *Petitioner*, v. WESTERN WASHINGTON GROWTH
MANAGEMENT HEARINGS BOARD ET AL., *Respondents*.

BRIDGE, J., did not participate in the disposition of this case.

*John E. Diehl*, pro se.

*Gary P. Burleson, Prosecuting Attorney for Mason County,* and *Darren J. Nienaber, Deputy,* and *Christine O. Gregoire, Attorney General,* and *Martha P. Lantz, Assistant,* for respondents.

*Michael J. Robinson-Dorn* and *William H. Rodgers, Jr.*, on behalf of Administrative and Environmental Law Professors and William R. Andersen, amici curiae.

*Christine O. Gregoire, Attorney General,* and *William B. Collins, Senior Assistant,* on behalf of Office of the Attorney General, amicus curiae.

¶1 IRELAND, J. — John Diehl, appearing pro se, seeks review of a published Court of Appeals decision affirming the dismissal of his petition for judicial review by Mason County Superior Court. *Diehl v. W. Wash. Growth Mgmt. Hearings Bd.*, 118 Wn. App. 212, 75 P.3d 975 (2003). Diehl challenged the Growth Management Hearings Board's adoption of a comprehensive plan. The trial court dismissed Diehl's petition on the grounds that Diehl failed to comply with Civil Rule (CR) 4 when he served his petition for judicial review. Finding that the Administrative Procedure Act (APA) (chapter 34.05 RCW) governs service and CR 4 does not apply in this case, we reverse the Court of Appeals and remand to the trial court for a hearing on the merits.

## FACTS AND PROCEDURAL HISTORY

¶2 On April 30, 2001, Diehl filed his petition for review of a Western Washington Growth Management Hearings Board decision, *Dawes et al. v. Mason County,* No. 96-2--0023c, Western Washington Growth Management Hearings Board, pursuant to chapter 34.05 RCW and RCW 36-.70A.300(5). Paragraph 2 of the petition included the names and addresses of the Western Washington Growth

Management Hearings Board and other parties to the agency proceedings, but did not include the attorney general's office. The last page of the petition included the following:

CERTIFICATE OF SERVICE

I certify that on April 30, 2000 [sic], I mailed by First Class Mail, postage prepaid, or personally delivered a copy of this PETITION FOR JUDICIAL REVIEW to all parties or their attorneys.

Signed John E. Diehl

¶3 Following a July 11, 2001 status conference, on July 23, 2001, a Mason County Superior Court commissioner issued an order consolidating Diehl's petition with that of Mason County and the South 101 Corridor Group and setting briefing schedule and argument. The order was mailed to counsel for all parties, including the assistant attorney general representing the hearings board. Mason County filed its response to Diehl's petition on October 8, 2001. The reply brief addressed the merits of the petition but did not raise any procedural defect.

¶4 At the hearing on the merits on the petition for review on April 29, 2002, Mason County made a prehearing oral motion to dismiss the petition for review on the grounds that the certificate of service was insufficient because it did not name the persons or agencies that had been served with the petition for review. The court gave Diehl until May 6, 2002 to file a written response to the oral motion, which he did, in the form of a letter to the trial court judge, with copies to the parties, including the Mason County prosecutor and the assistant attorney general. The letter states, in part:

I am responding to Mason County's question about the service of my petition for review. As I certified at the time of service, the parties or their attorneys were served on April 30, 2001. (I do note a typographical error: my certificate of service inadvertently said "April 30, 2000").

Pursuant to RCW 34.05.542 and CR 5, I personally served Mason County Superior Court, Western Washington Growth Management Hearings Board, and the Mason County Prosecu-

tor's Office. The other parties listed in the petition were served by mail at their addresses as shown, as was the office of the attorney general.

¶5 The county filed a response to Diehl's letter, arguing that Diehl had failed to comply with either CR 4 or 5 and that his letter was not a certified statement, and therefore was insufficient to provide assurances of service. The county also raised the issue as to who performed the service of process, arguing that Diehl's service of his own petition violated CR 4(c).

¶6 On May 10, 2002, the trial court issued a memorandum opinion and order holding that RCW 34.05.542 sets out the time period requirements for filing and service of a petition for review, but that CR 4 is also applicable as to the manner of service. The court further held that Diehl's declaration of service did not comply with CR 4(g), that Diehl violated CR 4(c) by serving original process himself, and that failure to comply with the applicable rules for original service of process precluded the court from having jurisdiction to review the hearings board's final order. The trial court ordered that the petition for review would be dismissed on May 15, 2002 for failure of service, unless Diehl filed a declaration of service in the proper form pursuant to CR 4(g).

¶7 Diehl filed a motion for reconsideration on May 13, 2002, asserting that CR 4 is inapplicable because service of a petition for review is service of appellate process, not service of original process, but if CR 4 applies, the county waived its defense of insufficiency of process by failing to plead it before it filed its responsive pleadings. Mason County responded, asserting that the civil rules applied to special proceedings under CR 1 and CR 81, where not inconsistent with the APA; that the APA did not negate the service requirements of the civil rules; and that Diehl declined the opportunity given him by the court to supplement the record with appropriate proof of service. The trial court subsequently denied Diehl's motion to reconsider and

granted the county's motion to dismiss Diehl's petition, pursuant to its May 10 memorandum opinion.

¶8 Following Diehl's timely appeal, Judge Karen G. Seinfeld of Division Two of the Court of Appeals affirmed the superior court, holding that the civil rules applied to Diehl's petition for review because service of process is an ancillary matter under RCW 34.05.510(2) and CR 4 is not inconsistent with the APA. The court further held that Diehl's certificate of service and subsequent letter to the trial court failed to comply with either the civil rules, the rules of appellate procedure, or with the APA because Diehl's certificate of service was not in affidavit form and did not state where he served the parties, and that Diehl failed to serve the county auditor pursuant to RCW 4.28.080(1), or the office of the attorney general. The court also held that the county did not waive its defense of improper service under CR 12(h) because subject matter jurisdiction may be raised at any time and substantial compliance with the service requirements of the APA is not sufficient to invoke the appellate or subject matter jurisdiction of the superior court. The court held that it could not determine whether substantial compliance should apply where the parties received actual service, but the service did not meet all procedural requirements. *Diehl*, 118 Wn. App. 212. Because we hold that Diehl complied with the APA service requirements, we do not reach the issues of waiver or substantial compliance.

A. STANDARD OF REVIEW

¶9 Construction of a statute is a question of law which we review de novo. *City of Pasco v. Pub. Employment Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992).

## B. ISSUES

1.  Where a petition for review of an administrative decision is filed in superior court, does RCW 34-.05.542 or CR 4 govern service requirements?

2.  Did Diehl comply with the service requirements of the APA?

## C. ANALYSIS

1.  Where a petition for review of an administrative decision is filed in superior court, does RCW 34.05.542 or CR 4 govern service requirements?

¶10 The APA establishes the exclusive means of judicial review for agency action, with the exception of litigation in which the sole issue is a claim for money damages or compensation or when the agency whose action is at issue does not have statutory authority to determine the claim. RCW 34.05.510(1).

¶11 RCW 34.05.542 governs the time for filing a petition for review in superior court. In addition to providing the time requirements, RCW 34.05.542(2) requires that a petition for judicial review shall be "served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." "Service of the petition on the agency shall be by delivery of a copy of the petition to the office of the director, or other chief administrative officer or chairperson of the agency, at the principal office of the agency." RCW 34.05.542(4). Service of a copy by mail upon the other parties of record and the office of the attorney general shall be deemed complete upon deposit in the United States mail, as evidenced by postmark. *Id.* The APA defines service as the "posting in the United States mail, properly addressed, postage prepaid, or personal service." RCW 34.05.010(19). "Service by mail is complete upon deposit in the United States mail." *Id.* "Agencies may, by rule, authorize service by electronic

telefacsimile transmission, where copies are mailed simultaneously, or by commercial parcel delivery company." *Id.*

■ ¶12 Both RCW 34.05.542 and 34.05.010 are silent as to who may serve. The statutes read together clearly allow service either by mail or personal service and do not prohibit service by a party. The fact that a postmark is acceptable under the statute as evidence of completion of service indicates that receipt of the petition by the agency is proof of service and, therefore, a certificate of service is not required. This interpretation of the statute governing proof of service for review of hearings board decisions is consistent with the proof of service requirements for proceedings before the hearings board itself, which allows, but does not require, a certificate of service. Under WAC 242-02-340, proof of service is satisfied either by acknowledgement of service or by certificate attesting to personal service or service by mail. Diehl's certificate of service uses the precise language of WAC 242-02-340, although it combines sections (2) and (3)(a).

■ ¶13 Absent ambiguity, a statute's meaning must be derived from the wording of the statute itself without judicial construction or interpretation. *Ricketts v. Bd. of Accountancy*, 111 Wn. App. 113, 116, 43 P.3d 548, 549 (2002) (quoting *Fray v. Spokane County*, 134 Wn.2d 637, 649, 952 P.2d 601 (1998)). When statutory language is clear and unequivocal, courts must assume that the legislature meant exactly what it said and apply the statute as written. *Id.*

¶14 The legislature's intent in adopting the 1988 APA was "to clarify the existing law of administrative procedure, to achieve greater consistency with other states and the federal government in administrative procedure, and to provide greater public and legislative access to administrative decision making." RCW 34.05.001; *see also* William R. Andersen, *The 1988 Washington Administrative Procedure Act—An Introduction*, 64 WASH. L. REV. 781 (1989). As briefed by amicus University of Washington Administrative and Environmental Law Professors and the Office of the

Attorney General, when the legislature adopted the 1988 APA, it expressly chose to break with prior practice and with the model act, which provided for an explicit cross-reference to the applicable rules of civil procedure. Amici further argue that the legislature anticipated pro se litigants in review of agency actions and therefore eliminated many of the formalities associated with the initiation of an action in superior court and instead crafted service and filing rules that would allow pro se litigants to seek judicial review without the need to hire an attorney or process server.

¶15 Mason County and the courts below assert that the civil rules apply to petitions for judicial review, citing CR 81, which states in relevant part: "Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." However, Mason County admits that there is no authority applying CR 4 to judicial review of an administrative proceeding.

■ ■ ¶16 Furthermore, the APA does not require a certificate of service in a format conforming to the requirements of the civil rules or prohibit service by a party as does CR 4. Although the legislature did not include the optional references to the civil rules in the APA generally, the legislature specifically authorized the use of civil rules in certain sections of the APA, including ancillary procedural matters under RCW 34.05.510(2), the section at issue in the instant case. Similarly, the legislature specifically chose to apply the civil rules in RCW 36.70A.295, which governs direct judicial review of growth management hearings board decisions and consolidation of a petition for judicial review and a pending civil action. Likewise, the Land Use Petition Act (chapter 36.70C RCW) specifically provides for the use of civil rules under RCW 36.70C.040(5); however, RCW 36.70C.030(1)(a)(ii) explicitly excludes growth management hearings board decisions. Because the legislature did not authorize application of the civil rules in RCW 34.05.542 or 34.05.010 as it did in other related or similar statutes and chose not to cross-reference the civil rules as

does the model APA, we must presume it intended the civil rules to apply only where specifically authorized. We therefore must derive the meaning from the statute itself, without judicial construction or gap filling. Thus, the civil rules may apply only to proof of service of a petition for judicial review if service is an ancillary procedural matter under RCW 34.05.510(2), and then only if not inconsistent with the APA.

¶17 We first address whether CR 4 is inconsistent with the APA. CR 4 governs the service of process for summonses and complaints under CR 3. CR 4(c) requires that summons and process be served by a competent person over the age of 18 who is not a party to the action, CR 4(d) provides for methods of service, and CR 4(g) provides for proof of service. If service is made by mail under CR 4(d)(4), proof of service is satisfied by "the affidavit of the serving party stating that copies of the summons and other process were sent by mail in accordance with the rule and directions by the court, and stating to whom, and when, the envelopes were mailed." CR 4(g)(4). "In case of service otherwise than by publication, the return, acceptance, admission, or affidavit must state the time, place, and manner of service. Failure to make proof of service does not affect the validity of the service." CR 4(g)(7).

¶18 Superior court civil rules are procedural rules, applicable only after the commencement of an action, and thus do not purport to extend subject matter jurisdiction of the court. *Vasquez v. Dep't of Labor & Indus.*, 44 Wn. App. 379, 383, 722 P.2d 854 (1986). Moreover, the civil rules are clearly intended to apply only to civil actions invoking the general jurisdiction of the superior courts; an administrative appeal invokes appellate, not general or original superior court jurisdiction. *Id.* In reviewing administrative appeals, Washington courts have stated that it was more appropriate to look to the rules of appellate procedure, rather than the civil rules, given the appellate jurisdiction of the trial court under the APA. *See King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 91 Wn. App. 1,

19-20, 951 P.2d 1151 (1998), *aff'd in part and rev'd in part on other grounds by King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 138 Wn.2d 161, 979 P.2d 374 (1999). While the courts have analogized to the rules of appellate procedure to illuminate or distinguish, they have not applied the rules as additional requirements in the way the courts below have applied CR 4. The superior court and the parties are bound by the statutory mandate of the APA, and it is the statutory procedural requirements which must be met to invoke subject matter jurisdiction. *See Reeves v. Dep't of Gen. Admin.*, 35 Wn. App. 533, 537-38, 667 P.2d 1133, 1136 (1983); *Skagit Surveyors & Eng's, L.L.C. v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962, 968 (1998).

¶19 In striking contrast to CR 4, the APA does not require proof of service in the form of an affidavit or prohibit a petitioner from serving his own petition. To the extent that the civil rules require proof of service in affidavit form or prohibit service by a party, they are inconsistent with the APA. Therefore, regardless of whether or not the form of proof of service is an ancillary matter, because it is inconsistent with the APA, CR 4 does not apply. The trial court erred in finding that CR 4(c) and (g) applied and in requiring Diehl to conform to rules inconsistent with, and therefore not required by, the APA.

2. Did Diehl comply with the service requirements of the APA?

¶20 To invoke the superior court's jurisdiction over his petition for review, Diehl was required to file and serve his petition on the agency at its principal office, serve the other parties of record, and serve the office of the attorney general within 30 days after service of the final order. RCW 34.05.542(2), (3), (4). Under RCW 34.05.010(19), Diehl could serve his petition by mail or by personal service. Diehl's service by mail was "deemed complete upon deposit in the United States mail, as evidenced by postmark." RCW 34.05.542(4).

¶21 Diehl's petition for judicial review lists the parties and their addresses. His certificate of service indicates that he personally served or served by United States mail his petition on the parties listed in his petition. Both personal service and service by mail are authorized by the APA. Although his petition and certificate do not list the Office of Attorney General, he later asserted in his May 3, 2002 letter that he served her office by mail. The record clearly shows that the attorney general had actual notice of Diehl's petition as she has both appeared and filed an amicus brief in this case. However, if Diehl had not served the attorney general, his failure to do so would not be dispositive under RCW 34.05.542(5). The Court of Appeals erred in so holding. The Court of Appeals also erred in holding that the APA required Diehl to serve the county auditor under RCW 4.28.080(1)[1] because RCW 34.05.510 establishes the exclusive means for review of an agency decision and does not require service on the county auditor.

¶22 Neither the Court of Appeals nor the trial court found that the parties lacked actual notice or that Diehl had failed to timely serve his petition. Nor does any party specifically allege that Diehl failed to serve them or that the petition was untimely, which would preclude subject matter jurisdiction under RCW 34.05.542. Mason County asserts that it "has never been clear as to who was served with Diehl's petition for review, how it was served, and on what day it was served." However, the county does not assert it was not timely served and clearly has actual notice of the proceeding. Given the facts of this case, we hold that Diehl complied with the APA service requirements.

D. SUMMARY

¶23 Whether or not the form of proof of service is an ancillary matter, CR 4 does not apply because it is inconsistent with the service requirements of the APA. The courts below erred in treating the issue of proof of service as

---

[1] RCW 4.28.080(1) requires service on the county auditor for actions filed against a county.

a jurisdictional requirement. While the trial court could have required reasonable assurances that Diehl complied with service requirements of the APA in a manner not inconsistent with the APA, it erred in requiring proof of service of a kind pursuant to CR 4(c) and (g), which are inconsistent with the APA.

¶24 Diehl needed only to comply with the service requirements of the APA, not the more rigorous requirements of the civil rules. The APA service requirements are met when parties are served in person or by mail under RCW 34.05.010(19), within 30 days of the agency decision under RCW 34.05.542(2), (4). Diehl listed the agency and parties to the action on page one of his petition for judicial review and certified that he either mailed or personally delivered a copy of the petition to all parties and their attorneys. Notwithstanding a typographical error in Diehl's certificate of service (April 30, 2000 rather than April 30, 2001), the date of filing and service in the certificate complies with the 30 day rule in RCW 34.05.542. Diehl later stated, though not in certificate form, that he mailed a copy to the attorney general's office. As discussed above, failure to serve the attorney general's office is not grounds for dismissal when it is clear that the attorney general has actual notice.

¶25 Taken together, Diehl's petition and his May 3, 2002 letter show that he complied with the service requirements of the APA. Therefore, the Court of Appeals is reversed and the matter is remanded to the trial court for hearing on the merits.

ALEXANDER, C.J.; JOHNSON, MADSEN, SANDERS, CHAMBERS, OWENS, and FAIRHURST, JJ.; and COX, J. Pro Tem., concur.