IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | No. 34202-6-III |
| BOTANY UNLIMITED DESIGN AND | ) | |
| SUPPLY, LLC, dba BOTANY | ) | |
| UNLIMITED DESIGN AND SUPPLY, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Botany Unlimited Design and Supply (Botany) appeals from a

decision dismissing its action against the Washington State Liquor and Cannabis Board

(Board) for failure to serve the Board. Although we reject the Board's claim that the

attorney representing its licensing division at the administrative hearing was not an

appropriate agent for service on the Board, we agree that Botany's proper service of a

motion for stay did not substitute for service of a petition for review. Accordingly, we

affirm the trial court.

## FACTS

Botany sought a license from the Board in 2014 to produce and process cannabis.

One of its principals, Mark Gomez, disclosed that his criminal history included a 2007

guilty plea in federal court to conspiracy to manufacture more than 1,000 marijuana

plants. The Board granted Botany a one-year license effective mid-2014 without having verified any of Gomez's disclosures.

Botany sought to renew its license in December 2014. Having now verified Gomez's criminal history, the Board denied the renewal request, noting that it would not have issued the initial license if it had verified the criminal history disclosure. Botany then began the administrative appeals process. Assistant Attorney General (AAG) Jong Lee appeared on behalf of the "Liquor and Cannabis Board" at the brief adjudicatory proceeding held before an administrative law judge.[1] The resulting initial order directed that any appeal be served on the Board's representative, Kevin McCarroll. The next level of appeal was to the Board. AAG Lee appeared on behalf of the Licensing Division of the Liquor and Cannabis Board and filed the written response to Botany's appeal. The Board's final order denying Botany relief also directed that any motion for reconsideration be served on Mr. McCarroll and also sent to Senior Assistant Attorney General Mary M. Tennyson. The notice also provided that judicial review could be sought in accordance with RCW 34.05.542. The notice did not identify any individual to whom service or other notice of judicial review should be directed.

---

[1] At oral argument, Mr. Lee advised this court that he did not normally work on Liquor and Cannabis Board cases, but had volunteered to assist since that division was busy with a large number of cases.

2

Instead of pursuing reconsideration, Botany sought judicial review. Botany filed a petition for review in the Franklin County Superior Court of the Board's final order denying review. In conjunction, Botany also filed an emergency motion for stay of the Board's final order. Botany failed to serve the petition on the Board. It did mail a copy of the emergency motion for stay to AAG Lee and also e-mailed him a copy of the petition for review. Mr. Lee filed a notice of appearance on behalf of the Board and represented the Board at the hearing on the emergency motion. The trial court denied the stay request.

The Board did not receive a copy and was unaware that a petition for review had been filed. Therefore, the administrative record was not prepared for superior court review. When alerted to the fact that the Board had not been served, AAG Lee filed a motion to dismiss due to lack of superior court jurisdiction. Botany agreed that it had not served the petition on the Board, but argued that service of the motion on AAG Lee was the equivalent of service of the petition on the Board. The superior court dismissed the review for want of jurisdiction.

Botany appealed to this court. At Botany's request, a panel heard oral argument.

## ANALYSIS

In order to obtain judicial review of any agency action, a party must serve a petition for review on the agency or the agency's attorney. The statutory service requirements are jurisdictional and quite strict. The fact that an agency has actual notice

3

No. 34202-6-III
*In re Botany Unlimited Design & Supply, LLC*

of a petition for judicial review will not excuse a party's failure to comply with the service requirements.

This appeal asks us to review two aspects of this requirement: (1) who constitutes the agency's attorney when judicial review has not yet commenced and no notice of appearance has been filed and (2) may service of a motion to stay substitute for service of a petition for review when the contents of the motion to stay meet all the requirements of a petition for review? We answer the first question in favor of Botany Unlimited and hold that an attorney who has consistently appeared during the underlying administrative proceedings may be served as the attorney of record on behalf of the agency. We decide the second question in favor of the agency. Service of a motion to stay is no substitute for a petition for review, even if it contains all the information required of a petition.

*Service on Assistant Attorney General*

In order to obtain judicial review of an agency action, a party must file a petition for review within 30 days of the final order. RCW 34.05.542(1), (2). The petitioner must file the petition with the court and serve the petition on the agency, the Office of the Attorney General, and all parties of record. RCW 34.05.542(2). Service on the attorney general and parties of record may be accomplished by use of the United States mail. RCW 34.05.542(4).

4

However, an agency must be served by delivery of a copy of the petition for review to the office of the agency's director. *Id.* That requirement was softened when the legislature in 1998 amended the statute to add the provision at issue here:

> For purposes of this section, service upon the attorney of record of any agency or party of record constitutes service upon the agency or party of record.

RCW 34.05.542(6). The provision was enacted by Laws of 1998, ch. 186. The final bill report summarized the purpose of the legislation: "Service on the attorney of record of any agency or party of record is sufficient to perfect jurisdiction in the superior court."[2] Prior to the amendment, it was recognized that the Administrative Procedure Act, ch. 34.05 RCW, had been designed "to break with prior practice" and "therefore eliminated many of the formalities associated with the initiation of an action in superior court." *Diehl v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 153 Wn.2d 207, 215, 103 P.3d 193 (2004).

The Board argues that AAG Lee did not represent it when he appeared on behalf of the Board's licensing division in the administrative proceedings and did not represent it at the time of service, that Ms. Tennyson was its attorney of record, and that our decision in *Cheek v. Employment Security Department*, 107 Wn. App. 79, 25 P.3d 481 (2001), compels affirming the dismissal. Botany argues that a later decision from Division One, *Ricketts v. Board of Accountancy*, 111 Wn. App. 113, 43 P.3d 548 (2002),

---

[2] FINAL B. REP. ON S.B. 6172, 55th Leg., Reg. Sess. (Wash. 1998).

5

supports its view that Lee was the attorney of record. We agree with Botany that AAG Lee was an appropriate person to serve.

*Cheek* involved an appeal from the denial of unemployment benefits. The petition for review was filed in superior court on the last possible day, April 3, 2000. 107 Wn. App. at 82. A copy of the petition was not served on the attorney general until four days later. The trial court dismissed the petition for lack of jurisdiction. *Id.* This court affirmed, ruling that RCW 34.05.542(6) did not aid the appellant because the attorney general was not the attorney of record at the time of service. *Id.* at 84. The attorney general also did not receive service until four days after the deadline. *Id.* at 85.

Nothing in *Cheek* indicates that the Attorney General's Office was involved in the case prior to the petition for review. That contrasts sharply with the facts in *Ricketts*. There an AAG was an attorney of record for the Washington State Board of Accountancy in the administrative proceedings. 111 Wn. App. at 115. A copy of the petition for review was mailed to that AAG, and additional copies were mailed to the Office of the Attorney General and Board of Accountancy. *Id.* Construing RCW 34.05.542(6), Division One concluded that timely service on the Board of Accountancy was accomplished by mailing notice to the AAG who had been the attorney of record. *Id.* at 117-18.

Although neither case provides much guidance here, *Ricketts* is slightly more useful than *Cheek* in identifying who is an agency's "attorney of record" for purposes of

6

RCW 34.05.542(6). In *Cheek*, this court recognized that the statute did not define the term, applied its common meaning as including an attorney who had filed an appearance in the action, and resolved the issue on the apparent basis that no AAG previously had been involved in the case. 107 Wn. App. at 84. Without describing how counsel had been involved, *Ricketts* recognized that an AAG representing the board was its "attorney of record." 111 Wn. App. at 115.

In line with those cases, we believe AAG Lee's participation in the administrative proceedings was sufficient to qualify him as an "attorney of record" under the statute. First, our record contains no indication that Ms. Tennyson had any involvement in the case other than being listed as an additional contact person (besides Mr. McCarroll) for purposes of a motion to reconsider. In contrast, Mr. Lee represented the agency in the initial brief proceeding and subsequently filed a reply to Botany's appeal to the Board. The argument that he was representing a division of the agency rather than the Board itself is a metaphysical distinction that is not made under our administrative procedures act. Although we recognize that assistant attorneys general can represent different parties in the same administrative or legal[3] action, we do not draw the converse conclusion that by representing a division of an agency an attorney is therefore not representing the

---

[3] *See, e.g., Goldmark v. McKenna*, 172 Wn.2d 568, 259 P.3d 1095 (2011) (discussing attorney general's duty); RCW 43.10.040 (attorney general to represent all departments and agencies of state government in all legal and quasi legal actions).

7

agency itself. The answer to that question would be dependent on other factors. Here, however, the only AAG involved in these proceedings was Mr. Lee and there was no intra-agency dispute that required multiple attorneys representing competing agency factions. Rather, one of the Board's divisions appeared in front of it and presented its case through Mr. Lee. As Mr. Lee was the only attorney representing the interests of the Board's licensing division, we believe he also was the Board's "attorney of record" for purposes of RCW 34.05.542(6). We perceive no conflict that would require Mr. Lee to serve only the licensing division instead of the agency as a whole. Indeed, he appeared to represent the Board in superior court.

Accordingly, we reject the Board's argument that Mr. Lee could not be its attorney of record for service of the petition for review. We thus turn to whether the emergency motion for a stay also served as a petition for review.

*Petition for Review*

In order to obtain superior court appellate jurisdiction, a party aggrieved by an agency action must comply with RCW 34.05.546. That statute states the contents of a petition for review:

A petition for review must set forth:

(1) The name and mailing address of the petitioner;
(2) The name and mailing address of the petitioner's attorney, if any;
(3) The name and mailing address of the agency whose action is at issue;

8

(4) Identification of the agency action at issue, together with a duplicate copy, summary, or brief description of the agency action;

(5) Identification of persons who were parties in any adjudicative proceedings that led to the agency action;

(6) Facts to demonstrate that the petitioner is entitled to obtain judicial review;

(7) The petitioner's reasons for believing that relief should be granted; and

(8) A request for relief, specifying the type and extent of relief requested.

Similarly, a statute governs the court's ability to grant a stay or other temporary relief. RCW 34.05.550. Of particular interest here is the second subsection of the statute:

After a petition for judicial review has been filed, a party may file a motion in the reviewing court seeking a stay or other temporary remedy.

RCW 34.05.550(2).

Botany filed a motion for stay, identifying the parties and the Board order in question, and arguing two theories in support of its claim that the Board erred in declining to renew Botany's license. The motion also explained that the facts and legal theories were more fully developed in its petition for review filed at the same time. Botany noted that the motion for stay contains the same information required in a petition for review by RCW 34.05.546. Accordingly, it argued to the trial court, and again here, that its properly served motion was the functional equivalent of the petition and should be treated as sufficient to invoke the court's appellate jurisdiction over administrative appeals.

For several reasons, this argument is not persuasive. First, the service statute expressly states that the *petition for review* shall be served on the agency. RCW 34.05.542(2). It does not provide for service of a substituted document.[4] Second, the stay statute itself expressly states that any motion for relief may be filed *after* the petition for review was filed. RCW 34.05.550(2). It clearly contemplates that two separate documents will be filed in those instances when emergency relief is sought.

Nor is this a question of substantial compliance with the statutory framework. Compliance with the rules of service is mandatory since service is necessary to invoke judicial jurisdiction. *E.g.*, *Skagit Surveyors v. Friends*, 135 Wn.2d 542, 556-57, 958 P.2d 962 (1998). Other procedural requirements are not jurisdictional in nature and are subject to the substantial compliance doctrine. *Id.* at 557. Labeling service of the wrong document as substantial compliance would render the service statute advisory rather than mandatory. While the contents of a petition for review may be subject to substantial compliance in the event they vary from the statute, service of a petition for review is still required. Substitution of a different document is not the same as giving a different name to a rose.[5]

---

[4] Botany's argument that the stay motion was just a mislabeled petition for review fails under the facts. The stay expressly noted and incorporated additional facts and argument found in the petition. It cannot be both an alleged substitute for the document as well as the same (but mislabeled) document.

[5] With apologies to William Shakespeare. ("What's in a name? That which we

No. 34202-6-III
*In re Botany Unlimited Design & Supply, LLC*

Botany did not serve the petition for review on the Board. The trial court correctly identified that it did not have jurisdiction to entertain Botany's appeal.

Affirmed.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

---

call a rose by any other word would smell as sweet.") WILLIAM SHAKESPEARE, ROMEO AND JULIET act 2, sc. 2.