**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| RITA CAGLIOSTRO, | ) | No. 81266-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| WASHINGTON STATE | ) | |
| DEPARTMENT OF SOCIAL AND | ) | |
| HEALTH SERVICES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Rita Cagliostro appeals the King County Superior Court's order dismissing her petition for judicial review of an Administrative Law Judge's (ALJ) dismissal of her request for an administrative hearing. The order found that Cagliostro failed to state a claim for which relief could be granted based on the ALJ's determination that her request for an administrative hearing was untimely. We affirm.

<u>FACTS</u>

In 2016, Cagliostro applied to receive employment services from the Department of Social and Health Services' Division of Vocational Rehabilitation (DVR). On May 5,

Citations and pin cites are based on the Westlaw online version of the cited material.

2016, DVR closed Cagliostro's case file after she requested it do so. DVR sent notice of its action to Cagliostro to the address in her file. Cagliostro denies receiving the notice.

Almost three years later, on April 15, 2019, the Office of Administrative Hearings received Cagliostro's request for an administrative proceeding, including retroactive benefits, to contest DVR's decision to close her case. DVR moved to dismiss Cagliostro's hearing request because it was untimely. On October 9, 2019, the ALJ dismissed Cagliostro's request after finding that Cagliostro's request was filed after the 45-day deadline (ALJ order).

On November 14, 2019, Cagliostro filed a petition for judicial review in King County Superior Court challenging the ALJ order. Cagliostro e-mailed a copy of the petition to DVR's customer relations manager, and then later mailed a partial copy to the Washington State Attorney General's Office. DVR moved to dismiss Cagliostro's petition for judicial review based on failure to state a claim for which relief could be granted and insufficient service of process. In March 2020, the superior court granted DVR's motion to dismiss finding that Cagliostro failed to state a claim for which relief could be granted based on the ALJ's determination that her hearing request was untimely. The court declined to address the Department's argument regarding service of process.

Cagliostro appeals.

ANALYSIS

We review de novo an order of dismissal under CR 12(b). Ricketts v. Washington State Bd. of Accountancy, 111 Wn. App. 113, 116, 43 P.3d 548 (2002).

-2-

With limited exceptions, the Administrative Procedure Act (APA), ch. 34.05 RCW, establishes the exclusive means of judicial review of agency actions. RCW 34.05.510. The petitioner bears the burden of demonstrating the invalidity of an agency action. RCW 34.05.570(a). A reviewing court may only grant relief from an agency order in an adjudicative proceeding if the petitioner demonstrates that one of nine statutory requirements are met. RCW 34.05.570(3).

The APA mandates that applications to begin an adjudicative proceeding, including the hearing requested by Cagliostro, be timely filed. The "[f]ailure of a party to file an application for an adjudicative proceeding within the time limit or limits established by statute or agency rule constitutes a default and results in the loss of that party's right to an adjudicative proceeding." RCW 34.05.440(1). The Department of Social and Health Services requires a party request an administrative hearing within 45 days of DVR's decision. WAC 388-891A-0255(2).

DVR closed Cagliostro's case on May 5, 2016. DVR mailed the notice to Cagliostro's address on file, the same address on file at the time of the ALJ's final order. Cagliostro did not appeal this decision until 2019, nearly three years later. The ALJ properly found that Cagliostro untimely submitted her hearing request past the 45-day deadline and concluded that the Office of Administrative Hearings lacked jurisdiction to hold a hearing on the merits. Cagliostro failed to assert a claim upon which relief can be granted.[1]

---

[1] DVR also argues that the superior court should have dismissed Cagliostro's petition because she failed to invoke the superior court's appellate jurisdiction to review DVR's agency action when she served her petition for judicial review by email rather than service consistent with agency rule. Because we affirm the superior court's order dismissing the petition, we decline to address this claim.

Affirmed.

_____ Mann, C.J.

WE CONCUR:

_____ Cohen, J.

_____ Dwyer, J.