# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| UNIVERSAL MORTGAGE & FINANCE, INC., | No. 59456-1-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF FINANCIAL INSTITUTIONS, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, J. — Universal Mortgage & Finance, Inc. (Universal) appeals the superior court's dismissal of a petition for judicial review. Universal raises three issues on appeal. First, it argues the court erred in concluding that the timely service on the Attorney General's Office (AGO) did not satisfy RCW 34.05.542(6). Second, Universal claims the court erred in holding that strict, not substantial, compliance applies to the service requirements in the Administrative Procedure Act (APA). Third, Universal argues that the court erred in dismissing the case when the Department of Financial Institutions (Department) could not demonstrate prejudice by the alleged failure to serve the agency in a timely manner. Because the APA requires strict compliance with service requirements when seeking judicial appellate review of agency decisions in superior court, and Universal failed to serve the AGO or Department in accordance with RCW 34.05.542, we affirm the dismissal of the petition for judicial review.

FACTS

I.     BACKGROUND

In January 2021, the Department issued a statement of charges against Universal. The Department alleged Universal conducted a mortgage loan business without being licensed and engaged in deceptive practices violating the Consumer Loan Act, chapter 31.04 RCW. Universal sought review through the administrative process. At the outset, Assistant Attorney General (AAG) Jong Lee was the agency representative for the Department. Following an initial order on summary judgment by an administrative law judge (ALJ) with the Office of Administrative Hearings, AAG Stephen Manning was listed as the agency representative. Manning continued to represent the Department at several stages of the administrative process. The ALJ ultimately found Universal liable and assigned monetary fines. On November 9, 2022, the director of the Department affirmed the ALJ's decision in a final decision and order (Order) and mailed it that same day. Universal received the Order on November 14, 2022.

II.    UNIVERSAL'S PETITION FOR JUDICIAL REVIEW

Universal filed a petition for judicial review with the Thurston County Superior Court on Thursday, December 8, 2022. On Friday, December 9, 2022, Universal e-mailed a copy of the petition to a general service e-mail address for the AGO at serviceATG@atg.wa.gov. Shortly thereafter, Universal received an automatic response from the AGO.[1] Universal also e-mailed a process server a copy of the petition to deliver to the Department. The copy of the petition was

---

[1] The e-mail address serves as an avenue to obtain a "waiver or acknowledgement of personal service of original service of process." Clerk's Papers (CP) at 99. This is only available for cases involving the "State of Washington, its state agencies and state officials sued in their official capacities." CP at 99. Additionally, the message stresses that an "auto-reply" without a "[w]aiver or acknowledgement of personal service." from "an email authored by an Assistant Attorney General . . . does not serve as a waiver or acknowledgment of personal service." CP at 99.

delivered on Monday, December 12, 2022. Manning filed a notice of appearance on Tuesday, December 13, 2022.

III.     THE DEPARTMENT'S MOTION TO DISMISS

The Department moved to dismiss the petition, arguing that service was untimely under RCW 34.05.542. The superior court granted the motion. Universal moved for reconsideration, which the court denied. Universal then moved for direct review before the Washington Supreme Court. The Supreme Court transferred the case to this court. We affirm the dismissal of the petition.

ANALYSIS

I.     WHETHER UNIVERSAL SERVED THE PETITION FOR JUDICIAL REVIEW IN ACCORDANCE WITH RCW 34.05.542.

Universal contends that the superior court erred in dismissing its petition for judicial review. We disagree.

A.     Standard of Review

Under CR 12(b)(1), a court may dismiss for a lack of subject matter jurisdiction. *See Pitoitua v. Gaube*, 28 Wn. App. 2d 141, 146, 534 P.3d 882 (2023). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Davis v. Dep't of Lab. & Indus.*, 159 Wn. App. 437, 441, 245 P.3d 253 (2011).

B.     Legal Principles

Under the APA, a party may petition for judicial review after exhausting all administrative remedies. RCW 34.05.534. A superior court reviewing an administrative decision acts in a "'limited appellate capacity.'" *Union Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 618, 902 P.2d 1247 (1995) (quoting *City of Seattle v. Pub. Emp. Rel. Comm'n*, 116 Wn.2d 923, 926, 809 P.2d 1377 (1991)). Before invoking the superior court's appellate jurisdiction, "all

statutory procedural requirements must be met." *Id.* Failure to do so requires a court to dismiss the case for lack of subject matter jurisdiction. *See Stewart v. Dep't of Emp. Sec.*, 191 Wn.2d 42, 52-53, 419 P.3d 838 (2018).

### 1. Strict Compliance Applies to RCW 34.05.542

Universal argues that substantial compliance is the standard for evaluating adherence to RCW 34.05.542. We disagree.

The APA "establishes the exclusive means of judicial review of agency action." RCW 34.05.510. "A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2); *see also Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998). Critically, "[s]ubstantial compliance with the service requirements of the APA *is not sufficient* to invoke the appellate, or subject matter, jurisdiction of the superior court." *Skagit Surveyors*, 135 Wn.2d at 556 (emphasis added); *Stewart*, 191 Wn.2d at 53-54.

Unlike other statutory frameworks regulating specific agencies, the APA has different requirements for petitions of judicial review. *Compare Black v. Dep't of Lab. & Indus.*, 131 Wn.2d 547, 555, 933 P.2d 1025 (1997) (explaining substantial compliance supports the notion that courts construe "provisions of the Industrial Insurance Act . . . liberally . . . to achieve its purpose of providing compensation to all covered employees."), *Skinner v. Civil Service Comm'n*, 168 Wn.2d 845, 850, 855, 232 P.3d 558 (2010) (promoting substantial compliance with appeals arising out of RCW 41.12.090, a statute addressing the Police Civil Service Commission), *with Stewart*, 191 Wn.2d at 53-54 (promoting strict compliance for the service requirements of RCW 34.05.542).

4

Therefore, under the APA, a more exacting review is necessary to determine if all requirements have been satisfied. *Stewart*, 191 Wn.2d at 52-54.

Relying on *Kenmore MHP, LLC v. City of Kenmore*, 1 Wn.3d 513, 528 P.3d 815 (2023), Universal argues that substantial compliance is sufficient. Universal's reliance on *Kenmore* is misplaced. In *Kenmore,* Kenmore MHP (MHP) appealed a dismissal of their petition by the Growth Management Hearings Board (GMHB). 1 Wn.3d at 517-18. The Supreme Court reversed, holding that MHP substantially complied with the service requirements outlined in RCW 36.70A.290(2). *Id.* at 518, 531. Unlike the facts before us, *Kenmore* focused on the dismissal of a case where the appellant sought review by a GMHB; it did not focus on a petition for judicial review before a superior court acting in its statutory appellate capacity. *Id.* at 517; *contra Skagit Surveyors*, 135 Wn.2d at 552-53; *Union Bay*, 127 Wn.2d at 616-17.

Nonetheless, Universal claims *Kenmore* renders *Skagit Surveyors* and *Union Bay* inapplicable, but we disagree. As recently as 2018, the Supreme Court relied on strict compliance to affirm the dismissal of a petition for judicial review under RCW 34.05.542. *See Stewart*, 191 Wn.2d at 54-55. We observe that *Skagit Surveyors*, *Union Bay*, and *Stewart* all specifically reference petitions for judicial review under RCW 34.05.542, while *Kenmore* addresses an appellant seeking administrative review under chapter 36.07A RCW and the GMHB dismissing the matter under the Washington Administrative Code. *Kenmore*, 1 Wn.3d at 517; *Skagit Surveyors*, 135 Wn.2d at 552-53; *Union Bay*, 127. Wn.2d at 616-17; *Stewart*, 191 Wn.2d at 45. *Kenmore* does not mention RCW 34.05.542, *Skagit Surveyors*, or *Union Bay*. *See Kenmore*, 1 Wn.3d at 519-29. This is so because petitions for *judicial* review under RCW 34.05.542 are treated differently than petitions for *administrative* review. As our Supreme Court explained in *Skagit Surveyors*, a party seeking judicial review seeks to invoke the appellate subject matter jurisdiction

5

of the superior court, a limited statutory jurisdiction. 135 Wn.2d at 555. Our Supreme Court has required strict compliance to invoke this jurisdiction while not requiring strict compliance for review before administrative agencies. *Stewart*, 191 Wn.2d at 57.

Accordingly, *Kenmore* does not apply to the petition for judicial review. The court did not err in concluding RCW 34.05.542 requires strict compliance.[2]

   2.  Universal Did Not Properly Serve the AGO

Next, Universal argues it properly served the AGO, satisfying RCW 34.05.542(6). We disagree.

The APA requires a party to file a petition "with the court" and serve it upon "the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2). The term "party" is either an individual "to whom the agency action is specifically directed" or "[a] person named as a party to the agency proceeding or allowed to intervene or participate as a party in the agency proceeding." RCW 34.05.010(12). A party may serve a petition through the United States (U.S.) mail, in person, or electronic service. *See* RCW 34.05.010(19); RCW 34.05.542. If a party serves a petition through the U.S. mail, service "is complete upon deposit," evidenced by a postmark. *See* RCW 34.05.010(19). Also, agencies "may, by rule, authorize service by electronic transmission, or by commercial parcel delivery company." RCW 34.05.010(19).

---

[2] Because *Kenmore* is inapplicable, we need not evaluate Universal's third assignment of error, regarding the superior court's failure to conduct a prejudice analysis for untimely service. Other cases utilizing strict compliance have not required a showing of prejudice for untimely service of process. *See City of Seattle*, 116 Wn.2d at 925 (dismissing a petition served three days late without a showing of prejudice); *Stewart*, 191 Wn.2d at 45, 52-55 (upholding the dismissal of a petition for being served one day late without a showing of prejudice).

"[S]ervice upon the attorney of record of any agency or party of record constitutes service upon the agency or party of record." RCW 34.05.542(6).[3] The attorney general can qualify as the attorney of record for a specific agency. *See In re Matter of Botany Unlimited Design & Supply, LLC*, 198 Wn. App. 90, 97, 391 P.3d 605 (2017) (holding that an assistant attorney general constituted an "attorney of record" for the purposes of RCW 34.05.542(6)).

Universal argues RCW 43.10.040 results in the AGO being the per se "attorney of record" for RCW 34.05.542(6). We disagree. At least some involvement in the administrative process has to occur for the AGO to qualify as the "attorney of record" under RCW 34.05.542(6). *See Cheek v. Emp. Sec. Dep't*, 107 Wn. App. 79, 85, 25 P.3d 481 (2001) (holding the appellant's reliance on RCW 43.10.040 to cure defective service on the Employment Security Department was "without merit."); *Botany Unlimited*, 198 Wn. App. at 97 n.3 (holding the AAG could qualify as the "attorney of record" because they had *previously represented* the agency). There is nothing in the cases cited that suggests the AGO, as a whole, is the attorney of record.

Manning, however, does qualify as an "attorney of record" for the Department. As in *Botany Unlimited*, multiple AAGs represented the Department throughout the administrative process. *See Botany Unlimited*, 198 Wn. App. at 92-94. While Manning was not representing the Department at the initial stages, he was listed as the agency representative on the ALJ's initial order, and the Department's Order. Manning continued to represent the Department and ultimately

---

[3] Since its adoption, there have been various interpretations of RCW 34.05.542(6). In *Cheek*, the attorney general did not qualify as the "attorney of record" because the Employment Security Department had not yet filed "a formal notice of appearance through the Office of the Attorney General" until after the petition had been served. *Cheek v. Emp. Sec. Dep't*, 107 Wn. App. 79, 84, 25 P.3d 481 (2001). In *Botany Unlimited*, however, the AAG qualified as the "attorney of record" despite filing a notice of appearance after the petition had been served. *See In re Matter of Botany Unlimited Design & Supply, LLC*, 198 Wn. App. 90, 97, 391 P.3d 605 (2017). This was based on the fact that the AAG represented the relevant department throughout the administrative process. *Id.*

filed the notice of appearance. On these facts, Manning's representation of the Department during the administrative process is sufficient to qualify him as an "attorney of record" for the purposes of RCW 34.05.542(6).

While Manning is the "attorney of record," Universal's delivery of the petition was nevertheless insufficient.[4] Universal sent the petition to a general e-mail address for the AGO. This is problematic because this was a general address, not AAG Manning's specific e-mail address. *See Botany Unlimited*, 198 Wn. App. at 93. Moreover, the language of the automatic reply from the AGO's service address expressly stated that an "auto-reply" without a "[w]aiver or acknowledgement of personal service" from "an email authored by an Assistant Attorney General . . . *does not serve as a waiver or acknowledgment of personal service*." CP at 99 (emphasis added). Nothing in the record suggests the AGO sent an e-mail waiving or acknowledging personal service.

We conclude that Universal did not strictly comply with the service requirements when serving the AGO and, therefore, did not satisfy RCW 34.05.542(6).

> 3.    Universal Did Not Timely Serve the Department.

Universal argues that it substantially complied with RCW 34.05.542 and properly served the Department. Again, we disagree.

---

[4] Universal relies on *Diehl v. Western Washington Growth Management Hearings Board*, contending Manning had actual notice of the petition, removing the necessity for proper service. 153 Wn.2d 207, 210-12, 219, 103 P.3d 193 (2004). But *Diehl* primarily focused on whether CR 4 or RCW 34.05.542 governed service requirements of petitions for judicial review. 153 Wn.2d at 213-17. Therefore, *Diehl* is inapplicable.

Under the APA, an agency's final decision and order is effective upon deposit in the U.S. mail. RCW 34.05.473. A party has thirty days to file and serve a petition on all relevant parties. RCW 34.05.542(3). There are several methods of serving petitions. *See* RCW 34.05.542(4). The APA, however, "explicitly provides that '[s]ervice of the petition on the agency shall be by *delivery*.'" *Stewart*, 191 Wn.2d at 47 (emphasis in original) (quoting RCW 34.05.542(4)). While "[s]ervice of a copy by mail . . . [is] complete upon deposit in the United States mail," RCW 34.05.542(4), "service on the agency is complete only *when it is 'delivered'* to the board." *Clark County v. Growth Mgmt. Hr'gs Bd.*, 10 Wn. App. 2d 84, 97, 448 P.3d 81 (2019) (emphasis added) (quoting RCW 34.05.542(4)).

Universal's argument encouraging substantial compliance is unpersuasive. "It is impossible to substantially comply with a statutory time limit. . . . It is either complied with or it is not." *City of Seattle*, 116 Wn.2d at 928-29. The Department's Order was issued on November 9, 2022. Therefore, the petition must have been filed and served on all parties by December 9, 2022. Universal opted to utilize a process server to deliver the petition. Consequently, service was effective only upon delivery, not dispatch. *See Stewart*, 191 Wn.2d at 47; *Clark County*, 10 Wn. App. 2d at 97. The process server delivered the petition to the Department on December 12, 2022, three days late. As a result, the petition was not served timely.

We conclude that service on the Department did not satisfy RCW 34.05.542. Therefore, the superior court lacked subject matter jurisdiction to hear the petition for judicial review, requiring dismissal.

CONCLUSION

Accordingly, we affirm the superior court's dismissal of Universal's petition for judicial review.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Cruser, C.J.