IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| ANGELA HELVEY,<br><br>              Appellant,<br><br>v.<br><br>EMPLOYMENT SECURITY<br>DEPARTMENT, STATE OF<br>WASHINGTON,<br><br>              Respondent,<br><br>TACOMA PUBLIC SCHOOLS,<br><br>              Defendant. | No. 86626-5-I<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION,<br>WITHDRAWING OPINION,<br>AND SUBSTITUTING<br>OPINION |

The Respondent, Employment Security Department, has moved for reconsideration of the unpublished opinion filed on July 29, 2024. The panel has considered the motion and has determined that the motion should be denied, the opinion should be withdrawn, and a substitute opinion be filed.

Now, therefore, it is hereby

ORDERED that the respondent's motion for reconsideration is denied; and it is further

ORDERED that the unpublished opinion filed on July 29, 2024, is withdrawn; and it is further

ORDERED that a substitute unpublished opinion be filed.

Cohen, J.

Smith, C.J.                    Mann, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ANGELA HELVEY, | No. 86626-5-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| EMPLOYMENT SECURITY DEPARTMENT, STATE OF WASHINGTON, | |
| Respondent, | |
| TACOMA PUBLIC SCHOOLS, | |
| Defendant. | |

COBURN, J. — Angela Helvey was denied unemployment benefits by the

Employment Security Department (ESD). After failing to appear at a scheduled hearing,

Helvey filed a petition for review, which was denied, and a notice of appeal for judicial

review. The superior court granted ESD's motion to dismiss the appeal because Helvey

failed to timely serve ESD. Helvey appeals arguing that because she timely served the

Attorney General's office, she properly served ESD because the attorney general is

ESD's attorney and that her late appeal should be excused because she is a pro se

litigant. We disagree and affirm.

FACTS

Helvey claims she was laid off on March 13, 2020 from her position as a substitute teacher with Tacoma Public Schools due to the COVID-19 pandemic. As a result, Helvey started applying for unemployment benefits. On December 10, 2021, the Employment Security Department (ESD) issued a determination letter denying Helvey benefits. Helvey filed a timely appeal and the Office of Administrative Hearings (OAH) scheduled a hearing for October 12, 2022 at 10:30 a.m. The employer appeared at the hearing, but Helvey did not call in to participate. After waiting 15 minutes, an Administrative Law Judge (ALJ) found that "all interested parties have been provided a reasonable opportunity for a hearing," and found Helvey in default.

In a written decision mailed on October 13, the ALJ dismissed Helvey's appeal because she failed to appear at her scheduled hearing the day before. Attached to the order is information and instructions on how to appeal the ALJ's decision, which states that a petition for review must be filed within 30 days of the order with the Commissioner's Review Office of ESD.

Helvey filed a petition for review on December 19. The Commissioner of ESD stated that the petition was due on November 14, 2022 and, because there were no assertions as to why the petition was filed untimely, the petition was dismissed. Helvey then filed a petition for reconsideration, which was denied by the Commissioner on January 20, 2023 because there was "no obvious material, clerical error in the decision, nor does it appear that the petitioner was denied a reasonable opportunity to present argument." Attached to the denial from the Commissioner were directions on how to apply for judicial review. The directions state that judicial review appeals need to be

taken to the superior court within 30 days of the order and must be served to both the superior court and the Commissioner of ESD.

On February 8, Helvey first filed a notice of appeal for judicial review to the superior court. In addition to ESD, Helvey named OAH as defendants in her appeal.

Helvey did not serve her notice of appeal to the Commissioner of ESD until March 3, 2023. It appears that Helvey had also mailed a copy[1] to the "AG's Office" in Olympia the same time she mailed notice to the Commissioner of ESD. On May 8, ESD moved to dismiss the appeal for judicial review because the appeal was served to them untimely. In addition to their motion to dismiss, ESD submitted a declaration affidavit of Robert Page, a public records manager for ESD, which stated that ESD received Helvey's judicial appeal on March 3, 2023. The affidavit stated that "Helvey's 30-day time limit for delivering a petition for judicial review to the Employment Security Department expired on February 21, 2023."

Helvey filed a memo in opposition of the motion to dismiss, stating that she was "entitled to a new hearing through OAH" because she never got the chance to present her arguments to obtain unemployment benefits. ESD then filed a reply in support of motion to dismiss, stating that Helvey's memo failed to address why the motion to dismiss should be denied and that she goes beyond the scope of the motion. The superior court granted the motion to dismiss. Helvey filed a motion for reconsideration, which was denied.

---

[1] Helvey used a notice of de novo appeal form to file her initial notice of appeal in Kitsap Superior Court. Helvey prepared a "COMPLAINT/APPEAL" pleading naming ESD, OAH, State of Washington, and Tacoma Public Schools as defendants. It is that pleading that she mailed to ESD and the "AG's Office."

Helvey appeals both the order of dismissal and the denial of the motion for reconsideration.

DISCUSSION

Helvey argues that the superior court erred when it dismissed her appeal because, while she did not timely file her notice of appeal with ESD, she did timely file with the Attorney General's office. Helvey argues that the Office of the Attorney General is the attorney for ESD, therefore she did properly serve ESD by serving its attorneys. This court considered and rejected this same argument in Cheek v. Emp't Sec. Dep't, 107 Wn. App. 79, 84-85, 25 P.3d 481 (2001).

The judicial review of unemployment benefit decisions is governed by Washington's Administrative Procedure Act (APA), chapter 34.05 RCW. Smith v. Emp't Sec. Dep't, 155 Wn. App. 24, 32, 226 P.3d 263 (2010). This court acts from the same position as the superior court in applying the APA standard. Id. The APA requires that a "petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2).

The Commissioner's Review Office issued Helvey its final order on January 20, 2023. The issuance of the order included instructions explaining that in order to further appeal, appellants must "serve a copy of your judicial appeal by mail or personal service within the thirty (30) day judicial appeal period on the Commissioner of the Employment Security Department, the Office of the Attorney General, and all parties of record." Helvey did timely file her notice of appeal with the superior court on February 8, 2023 but did not timely serve ESD, which did not receive a copy of the notice until March 3,

4

2023, 42 days after the final order. Service on ESD is made when a copy of the petition for judicial review has been received by the Commissioner's Office. <u>Stewart v. Emp't Sec. Dep't</u>, 191 Wn.2d 42, 47, 419 P.3d 838 (2018) (citing RCW 34.05.542(4); WAC 192-04-210).

First, Helvey presented no evidence that she *timely* served the Attorney General's office. Second, even if Helvey timely served the Office of the Attorney General, the record does not establish that anyone from the Attorney General's office was the attorney of record in this matter on behalf of ESD. RCW 34.05.542(2) requires the appeal for judicial review must be served on both ESD and the Office of the Attorney General. <u>See</u> <u>Cheek</u>, 107 Wn. App. at 84 (rejecting an argument that service upon the Attorney General was timely service on ESD when the Attorney General was not yet the attorney of record for ESD, which had not filed a formal notice of appearance through the Office of the Attorney General).

Helvey also argues that the late appeal should be excused because she "had great difficulties" and is a pro se litigant. "A pro se litigant is held to the same standard as an attorney." <u>West v. Wash. Ass'n of County Officials</u>, 162 Wn. App. 120, 137 n.13, 252 P.3d 406 (2011). As a pro se litigant, Helvey had to comply with the same standard and rules of procedure on appeal as attorneys in filing her appeal on time. <u>Id.</u> "It is impossible to substantially comply with a statutory time limit . . . It is either complied with or it is not. Service after the time limit cannot be considered to have been actual service within the time limit." <u>City of Seattle v. Pub. Emp. Rels. Comm'n</u>, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991)).

Because Helvey did not timely serve ESD, she failed to invoke the superior court's appellate jurisdiction as prescribed by the law, and the court correctly dismissed the case. See Stewart, 191 Wn.2d at 44-45. The commissioner's decision became final when Helvey failed to perfect her petition for judicial review within 30 days. Id. at 54 (citing RCW 50.32.090).

We affirm.[2]

_____
Coburn, J.

WE CONCUR:

_____
Smith, C.J.

_____
Mann, J.

---

[2] We decline to address Helvey's appeal of the denial of her motion for reconsideration because Helvey failed to designate her motion for reconsideration for appeal and also failed to substantively address the issue in her opening brief. See Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").